JUSTICE HUNT
specially concurring.
While I concur in the result reached by the Court, I take issue with the majority’s analysis which affirms the District Court’s application of the doctrine of in pari delicto but ignores a fundamental principle of that doctrine.
In Waller, we concluded that:
[Wlhere the offenses have involved criminal conduct or delinquency of which the law strongly disapproves as a matter of public policy, the parties are to be deemed equally guilty and the courts will not inquire further into their relative guilt.
Waller, 741 P.2d 389-90. Despite this prohibition against apportioning guilt, both the District Court and the majority go to great lengths to detail the criminal conduct and delinquencies of Ms. Raddatz while ignoring the criminal conduct and delinquencies of Mr. Patten that initiated and sustained an illicit 14-year relationship. The majority creates the impression that the only bad actor in this *285 unfortunate relationship was Ms. Raddatz. The record, however, does not support this impression.
Once it is determined that the doctrine applies, both parties are deemed equally guilty, and both parties are barred from recovery. Because the parties are barred from recovery, there exists no genuine issue of material fact, and therefore, summary judgment is proper. There is no need to weigh the relative guilt of the parties, and there is certainly no need to create the impression that the guilt rests with one party.